UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE CARTER,

    Plaintiff,

v.

    CASE NO. 4:15-CV-13770
    HONORABLE TERRENCE G. BERG
    UNITED STATES DISTRICT JUDGE

PEOPLE OF THE STATE OF
MICHIGAN, et. al.,

    Defendants,

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff is an inmate confined at the Kinross Correctional Facility in Kincheloe, Michigan. On October 28, 2015, Magistrate Judge R. Steven Whalen signed an order of deficiency (Dkt. 3), which required Plaintiff to provide a prisoner's application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account, a signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. Alternatively, the order allowed Plaintiff to pay the four hundred ($ 400.00) dollar filing fee in full. Plaintiff was given thirty days to comply with the order. To date, Plaintiff has failed to comply with the order by either supplying the filing fee or the requisite information.

Section 1915(a)(2) of Title 28 of the United States Code imposes certain requirements for a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court. First, a prisoner must file a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint. Second, that statement must be obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and allow the prisoner thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *See McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id*. The district court must then order that the case be dismissed for want of prosecution. *Id.*

The Magistrate Judge's order of October 28, 2015 notified Plaintiff of the deficiencies of his filing, and directed him to correct those problems. Plaintiff failed to correct the noted deficiencies. This case is therefore subject to dismissal without prejudice. This means that the case will be dismissed, but could be re-filed if Plaintiff provides the necessary papers. Specifically, as stated previously, Plaintiff must file a prisoner's application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account; a signed certification of his

prison trust account from an authorized jail official; and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. Because Plaintiff has failed to comply with the deficiency order, the Court will dismiss Plaintiff's Complaint without prejudice for want of prosecution. *See, e.g., Erby v. Kula*, 113 Fed. App'x. 74, 75-76 (6th Cir. 2004).

Accordingly, the Court DISMISSES WITHOUT PREJUDICE the Complaint (Dkt. 1) under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

SO ORDERED.

        s/Terrence G. Berg
        TERRENCE G. BERG
        UNITED STATES DISTRICT JUDGE

Dated: March 1, 2016

Certificate of Service

I hereby certify that this Order was electronically submitted on March 1, 2016, using the CM/ECF system, which will send notification to each party.

        s/A. Chubb
        Case Manager